IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALCIDES GARCIA, #80652-004                                   PETITIONER

VS.                                  CIVIL ACTION NO. 5:15-cv-4-DCB-MTP

BARBRA WAGNER                                                RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATIONS

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation (docket entry 9), to which no objections were filed by the Petitioner. Having carefully reviewed the Report and Recommendation, and applicable statutory and case law, the Court finds and orders as follows:

I. Background

Petitioner Alcides Garcia ("Garcia") was convicted of Health Care Fraud and sentenced in the United States District Court for the Southern District of Florida on September 21, 2009. See Response (docket entry 6). He now files a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See Petition (docket entry 1).

Petitioner argues that the BOP has wrongfully (1) prohibited him from being placed in a minimum security prison, (2) prohibited him from participating in a residential drug abuse program ("RDAP"), (3) prohibited him from participating in a residential reentry center ("RRC"), (4) prohibited him from being transferred

to a facility closer to his family, (5) prohibited him from being reunited with his family at the earliest possible time, and (6) prohibited him from participating in Federal Prison Industries ("FPI"). See Petition (docket entry 1 at 3-4).

Furthermore, Garcia claims that his incarceration at the Adams County Correctional Complex ("ACCC") contravenes the letter and spirit of Program Statement 8120.02, Ch. 5, p. 6 and that this constitutes a violation of his constitutional rights, specifically the rights afforded by the Due Process Clause. See Petition (docket entry 1 at 6-9).

## II. Magistrate Judge's Recommendation

Magistrate Judge Parker entered his Report and Recommendation on December 16, 2016, wherein he considers Garcia's petition under 28 U.S.C. § 2241 and recommends that the relief sought in the Petition for Writ of Habeas Corpus be denied and that this case be dismissed with prejudice. See Report and Recommendation (docket entry 9 at 6).

The Magistrate Judge opines that the Petitioner cannot pursue these claims in a 28 U.S.C. § 2241 petition. A habeas corpus matter emanates when the action challenges the fact or duration of an inmate's confinement. Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983). Alternatively, an inmate's challenge to the conditions of confinement is properly pursued as a civil rights challenge under Section 1983 or Bivens v. Six Unknown Named Agents of the

2

Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't., 37 F.3d 166, 168 (5th Cir. 1994). Confusion arises when an inmate challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997). In the Fifth Circuit, if a favorable determination of an inmate's claims would not automatically entitle the inmate to accelerated release, the proper vehicle is a civil rights suit. Id. Petitioner has failed to allege that any favorable determination would entitle him to a speedier release.

Furthermore, the Magistrate Judge finds that Petitioner has not asserted a violation of a constitutionally protected right entitling him to relief pursuant to Bivens.[1] Petitioner requests that he be transferred to a facility where he would have an opportunity to participate in certain programs and receive benefits. He further claims that the refusal to transfer him constitutes a violation of his rights afforded by the Due Process Clause. However, the BOP's decision to classify Petitioner as a "Deportable Alien," despite the fact that he may not be deported, does not give rise to a constitutional claim. See e.g., Perez v. Lappin, 672 F. Supp. 2d 35 (D.D.C. 2009)(holding that a "Deportable

---

[1] Bivens, 403 U.S. 388 (1971).

3

Alien" Public Safety Factor as applied to a Cuban did not violate the petitioner's constitutional rights or violate the Administrative Procedures Act); see also, Phuong Dong Duong v. Martin, 2014 WL 1665012, at *2 (S.D. Miss. April 25, 2014)(holding that petitioner's security classification of "Deportable Alien" did not implicate any constitutional interest).

The petitioner also claims that he was deprived of liberty without due process because the BOP refused to transfer him to another facility. A prisoner's liberty interest protected by Due Process is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). The protections of the Due Process Clause do not extend to every adverse or unpleasant condition experienced by an inmate. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Prisoner classification and eligibility for rehabilitative programs in the federal system do not automatically activate a due process right. Moody v. Daggett, 429 U.S. 78, 88 (1976). Moreover, classification and ineligibility also do not impose an atypical and significant hardship. Becerra v. Miner, 248 F. App'x 368, 370 (3rd Cir. 2007). It is well settled that inmates do not have a constitutionally protected right to serve a sentence in any particular institution. Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).

4

## III. Order

Finding no objection by the plaintiff and having reviewed the Report and Recommendation for plain error, the Court is satisfied that Magistrate Judge Parker has issued a thorough opinion. Accordingly,

IT IS HEREBY ORDERED that the undersigned ADOPTS Magistrate Judge Parker's recommendation as the findings and conclusion of this court;

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus (docket entry 1) is DENIED;

IT IS FURTHER ORDERED that the Petition is DISMISSED WITH PREJUDICE.

A Final Judgement dismissing the Petition with prejudice will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this is the 26th day of May, 2017.

                                          /s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE